UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YURY GRENADYOR,

    Plaintiff,

v.

SOTTILE & BARILE, LLC,

    Defendant.

Case No. 1:21-cv-00525

## COMPLAINT

**NOW COMES** Plaintiff, YURY GRENADYOR, through undersigned counsel, complaining of Defendant, SOTTILE & BARILE, LLC, as follows

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. YURY GRENADYOR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 9009 Golf Road, Unit 5G, Des Plaines, Illinois 60016.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. SOTTILE & BARILE, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Ohio.

1

7. Defendant maintains a principal place of business at 1415 West 22nd Street, Tower Floor, Oak Brook, Illinois 60523.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On February 22, 2008, Plaintiff executed a mortgage in favor of Open Mortgage, LLC (the "Mortgage").

11. The Mortgage secured the purchase of Plaintiff's personal residence located at 9009 Golf Road, Unit 5G, Des Plaines, Illinois 60016 (the "Property").

12. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $154,000.00 (the "Loan").

13. The Note provides that "I will pay principal and interest by making a payment every month."

14. The Note further provides that "[i]f the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be 5.000% of my overdue payment of principal and interest."

15. On September 1, 2017, Plaintiff defaulted on the Note by failing to make monthly payments.

16. On November 21, 2018, the Loan was assigned, sold, or transferred to U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust.

17. The servicing of the Loan, was assigned, sold, or transferred from Seterus, Inc. to SN Servicing Corporation, effective January 7, 2019.

18. SN Servicing Corporation mailed Plaintiff a Notice of Attempt to Collect Debt, dated November 21, 2019, providing, in part:

> This letter serves as further notice that SN Servicing intends to enforce the provisions of the Note and Security Instrument. If you do not pay the full amount of **$29,056.18** on or before December 21, 2019 (of if said date fails on a Saturday, Sunday, or legal Holiday, then on the first business day thereafter), this letter shall serve as further notice to you that immediately thereafter, and without further demand or notice to you, SN Servicing will accelerate the entire sum of both principal and interest.

19. Plaintiff did not pay the full amount of $29,056.18 on or before December 21, 2019.

20. Accordingly, on December 21, 2019, SN Servicing Corporation accelerated all the payments owing under the Loan.

21. Once Plaintiff's Loan was accelerated, the Plaintiff's entire Loan balance was due; in other words, no further monthly payments became due.

22. SN Servicing Corporation was therefore not required to incur administrative expenses in handling late payments.

23. Defendant sent a letter (the "Letter") to Plaintiff, dated January 31, 2020.

24. The Letter stated, in part:

> January 31, 2020
>
> Yury Grenadyor
> 9009 Golf Road, Unit 5H
> Des Plaines, IL 60016
>
> | | |
> |---|---|
> | RE: | 9009 Golf Road, Unit 5H, Des Plaines, IL 60016 |
> | Account Number: | 288404 |
> | Our File Number: | ILF2001017 – Grenadyor, Yury |
>
> You are hereby informed of the following:
>
> 1. This is an attempt to collect a debt and any information obtained will be used for that purpose.

> 2. This office is a debt collector and represents the holder of a Note and Mortgage on the above captioned property.
>
> 3. U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust is the creditor to whom the debt is owed.
>
> 4. As of the date of this letter, the amount of the above debt is $146,237.68. Because of interest, *late charges* and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after my client receives your check, in which event either our firm or our client will inform you before depositing the check for collection. For further information, write the undersigned or call 800-603-0836.
>
> \*\*\*

*See* Exhibit A.

25. The Letter stated that "*[b]ecause of ... late charges ... the amount due on the day you pay may be greater.*"

26. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. At no time was the Loan reinstated or attempted to be reinstated by Plaintiff.

## DAMAGES

28. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

29. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

30. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph*

4

*P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

31. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

32. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

33. The Letter deceived Plaintiff into believing that Defendant is entitled to late fees post-acceleration (absent reinstatement).

34. The Letter deceived Plaintiff into believing that Plaintiff's Loan balance is subject to increase because of monthly late fees.

35. Concerned with having had her rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. If late charges are tied to overdue monthly payments, the absence of any monthly payment obligation after acceleration precludes the imposition of late charges for that period. *See*

5

*Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003) (citing sixteen cases for the proposition that "a lender cannot demand payment of late fees for failure to make monthly payments after the loan has been accelerated.")

38.  While the promissory note provides for late fees when a monthly payment has not been made within 10 days of the date on which it was due, monthly payments are not "due" once the loan is accelerated.

39.  In other words, once Plaintiff's Loan was accelerated, Plaintiff's right and obligation to make monthly payments ceased and no payment due could be considered "late."

## Violation of 15 U.S.C. § 1692e

40.  Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)   The false representation of –
>
>     (A)   the character, amount, or legal status of any debt.
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

41.  Defendant's statement that "*[b]ecause of … late charges … the amount due on the day you pay may be greater*" is false, deceptive, or misleading as it creates the false impression that Plaintiff is subject to late fees; therefore, violating 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

42.  At the time Defendant sent the Letter to Plaintiff, the Loan had been accelerated.

43.  Because the Loan had been accelerated, SN Servicing Corporation was no longer able to charge late fees on the monthly payments Plaintiff owed.

6

44. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2)(A) and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10);

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.    award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.    award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

A.    award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: January 29, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**YURY GRENADYOR**

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Joseph S. Davidson*

　　　　　　　　　　　　　　　　　　　　　　Joseph S. Davidson
　　　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF JOSEPH P. DOYLE LLC
　　　　　　　　　　　　　　　　　　　　　　105 South Roselle Road
　　　　　　　　　　　　　　　　　　　　　　Suite 203
　　　　　　　　　　　　　　　　　　　　　　Schaumburg, Illinois 60193
　　　　　　　　　　　　　　　　　　　　　　+1 847-985-1100
　　　　　　　　　　　　　　　　　　　　　　jdavidson@fightbills.com